IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INTEGRATED HEALTH | ) | Case No. 00-389 (MFW) |
| SERVICES, INC., *et al.*, | ) | (Chapter 11) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| INTEGRATED HEALTH SERVICES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-610-GMS |
| | ) | |
| THCI Company, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

Presently before the court is an appeal by Integrated Health Services, Inc., *et al.* (collectively "IHS") from an April 22, 2003, order of the bankruptcy court granting the Motion of THCI Company, LLC ("THCI") to Compel Debtor's Entry Into Master Lease Agreement in Compliance with Stipulation and Order ("Motion to Compel"). IHS also appeals a May 29, 2003, order of the bankruptcy court denying their Motion for Reconsideration, Amendment and/or Clarification of the April 22 Order. For the following reasons, the court will affirm the orders on appeal.

**II.   BACKGROUND**

On February 2, 2000, IHS filed for relief under Chapter 11 of the Bankruptcy Code. At that time, THCI leased ten properties to IHS. On May 8, 2001, IHS moved the bankruptcy court for

assumption of certain of those leases and for rejection of others. Although THCI objected, the parties eventually agreed that IHS would reject one lease and assume the other nine. This agreement was memorialized in a "Stipulation and Order," which provides in relevant part:

> 1. In accordance with the terms set forth in this Stipulation, the Debtors reject the Carriage-by-the-Lake Facility, and, provided the leases are amended as hereinafter provided in paragraph 3 of this stipulation, shall assume the leases as amended and restated by the Master Lease (as hereinafter defined) for the remaining 9 Leased Properties that were the subject of the Motion. The leases shall be amended and restated pursuant to a new master lease agreement for the remaining 9 Leased Properties (the "Master Lease") as set forth in paragraph 3 of this stipulation, and at such time the leases, as amended and restated by the Master Lease, shall be assumed.
>
> . . .
>
> 3. Within thirty (30) days of the date of this Stipulation, or at such time thereafter as the Parties may agree, the Parties shall enter into a master lease agreement amending and restating the Leases (the "Master Lease"). The parties agree that because of the related nature of the leases for the 9 Leased Properties, the parties intend to integrate the Leased Properties into a single portfolio of properties. . . . The Master Lease shall:
>
>    (a) Be a single triple net lease.
>
>    (b) Provide that the base rent for all of the Leased Properties in the aggregate shall be $8,100,000 per annum.
>
>    (c) Provide for escalations of 2.5% per annum.
>
>    (d) Provide that the terms of the lease for all of the Leased Properties shall be for 10 years.
>
>    (e) [Limitation on right to extend the master lease.]
>
>    (f) [Limitation on right to assign the master lease.]

(B.D.I. 6913.)[1] The Stipulation and Order was then submitted to the bankruptcy court, and signed by the Honorable Mary F. Walrath on March 18, 2002. However, after more than a year of

---

[1] "B.D.I." refers to the bankruptcy court's docket item number.

unsuccessful negotiations, the parties had still failed to enter into a master lease. Thus, IHS filed a motion to reject the remaining nine leases, and THCI responded by filing a motion to compel IHS to enter into a master lease.

At the conclusion of an April 17, 2003, hearing on the parties' motions, Judge Walrath concluded that the Stipulation and Order unambiguously requires IHS to assume the nine leases by entering into a master lease incorporating (1) the six agreed-upon terms set forth in the Stipulation and Order, and (2) unless the parties agreed otherwise, the remaining terms from the nine individual leases. IHS subsequently filed a motion for reconsideration, which the bankruptcy court denied.

On appeal, IHS argues that Judge Walrath's conclusion was erroneous because the Stipulation and Order was merely an agreement to negotiate in good faith toward the formation of a mutually satisfactory master lease, and therefore, did not amount to a binding agreement on the terms of the master lease. IHS further argues that the bankruptcy court erred by refusing to consider extrinsic evidence to determine the parties' intent, by granting equitable relief without requiring the commencement of an adversary proceeding, and by denying the motion for reconsideration.

### III. JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction to hear this appeal pursuant to 28 U.S.C.A. § 158(a)(1) (Supp 2005). In reviewing a case on appeal, the bankruptcy court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991). Conversely, a bankruptcy court's conclusions of law are subject to plenary review. *See id.*

## IV.     DISCUSSION

"Although settlement agreements may be judicially approved, they share many characteristics of voluntary contracts and are construed according to traditional precepts of contract construction." *In re Columbia Gas System Inc.*, 50 F.3d 233, 238 (3rd Cir. 1995). "The objective of judicial interpretation of disputed contract provisions is to give effect to the discernable intention of the parties, ascertaining that intent, if possible, by examining the contractual plain language." *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 138 (3rd Cir. 2001). "A contract is unambiguous if the Court, without looking to extrinsic evidence, can determine the meaning of the contract's language." *Id.*

Here, the Stipulation and Order unequivocally states that IHS *shall* enter into a master lease "as set forth in paragraph 3," wherein six very specific provisions are enumerated for incorporation into the master lease. Further, the Stipulation and Order unambiguously explains that, aside from the incorporation of those six provisions, the master lease is to merely restate the remaining terms of the nine individual leases (unless otherwise agreed). Therefore, the bankruptcy court's interpretation was correct. Moreover, there was no need for extrinsic evidence because the Stipulation and Order is unambiguous. As such, the inability of IHS to take discovery in an adversary proceeding was not prejudicial. Finally, the bankruptcy court's denial of the motion for reconsideration was proper because there was neither a need to correct an error of law or fact, nor a need to present newly-discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985).

## V.   CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court will be affirmed.

Dated: March 21, 2006

_____
UNITED STATES DISTRICT JUDGE



FILED

MAR 2 1 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC., *et al.*, | ) ) ) | Case No. 00-389 (MFW) (Chapter 11) |
| Debtors. | ) ) | |
| | ) | |
| INTEGRATED HEALTH SERVICES, INC., *et al.*, | ) ) ) | |
| Appellant, | ) ) | |
| v. | ) ) | Civil Action No. 03-610-GMS |
| THCI Company, LLC, | ) ) | |
| Appellee. | ) ) | |

### ORDER

IT IS HEREBY ORDERED THAT:

The decision of the bankruptcy court be AFFIRMED.

Dated: March 2l, 2006

UNITED STATES DISTRICT JUDGE

FILED
MAR 2 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE